DLD-099                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2440
_____

GARY D. LIEBERMAN,
                                        Appellant

v.

LOWES HOME IMPROVEMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-20-cv-15218)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2022
Before: KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: March 30, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gary Lieberman, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will vacate and remand to the District Court for further proceedings.

In October 2020, Lieberman filed a complaint against Lowes Home Improvement alleging a civil rights violation after the company rescinded an offer of employment following a background check. Lieberman asserted a Title VII claim and included a complaint filed with the EEOC and the New Jersey Division on Civil Rights on May 28, 2020. See 42 U.S.C. § 2000e-2. Lowes Home Improvement did not file an answer or otherwise respond to the complaint.

The District Court granted Lieberman's motion to proceed in forma pauperis and sua sponte dismissed the complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). The District Court concluded that Lieberman had failed to exhaust his administrative remedies with the EEOC as required by 42 U.S.C. § 2000e-5 and, even if he had, that Lieberman had failed to allege that he belonged to a protected class as required for a claim of discrimination under Title VII. Lieberman appealed.

As an initial matter, we must first decide whether we have jurisdiction to consider Lieberman's appeal because it appears that his notice of appeal was not timely. In a civil case in which the United States is not a party, a notice of appeal must be filed within 30 days of the entry of the order or judgment being appealed. See Fed. R. App. P. 4(a)(1)(A). Here, the District Court entered an order dismissing Lieberman's complaint on February 26, 2021. Lieberman appealed on August 2, 2021, or more than 30 days after the dismissal

2

order. However, every judgment must be set out in a separate document. See Fed. R. Civ. P. 58(a). Subject to certain exceptions not applicable here, if a judgment is not set out in a separate document, it is considered entered when "150 days have run from the entry in the civil docket." Fed. R. Civ. P. 58(c)(2). Thus, if no separate document exists, an appellant has 180 days from the date of the docket entry to timely file a notice of appeal. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007). "[A]n order is treated as a separate document if it satisfies three criteria: (1) it must be self-contained and separate from the opinion, (2) it must note the relief granted, and (3) it must omit (or at least substantially omit) the trial court's reasons for disposing of the claims." Id. at 224. "To be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." Id.

Here, the District Court's orders did not separate the reasoning and the judgment into different documents. See Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7). Instead, the District Court docketed a single three-page order that included a factual and procedural background, legal discussion, and a series of paragraph orders disposing of Lieberman's case. The order contains one caption and one signature line at the end of the document, and is consecutively paginated. Therefore, the court's order is not self-contained and does not omit the court's reasoning, and thus does not comply with the separate-document rule. See DLJ Mortg. Cap., Inc. v. Sheridan, 975 F.3d 358, 364-65 (3d Cir. 2020). As a result, the District Court's order was not deemed entered until July 26, 2021, 150 days after the order was entered. Accordingly, because Lieberman's notice of appeal was filed on August

3

2, 2021, or less than 30 days after the District Court's order was entered, Lieberman's notice was timely. See LeBoon, 503 F.3d at 223.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

We agree with the District Court's determinations both that Lieberman failed to demonstrate he had properly exhausted his administrative remedies with the EEOC and that his complaint failed to allege facts sufficient to state a claim of discrimination pursuant to Title VII. However, we also conclude that the District Court abused its discretion in failing to provide Lieberman with leave to amend his complaint. In pro se civil rights actions, "plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint," and district courts must inform those plaintiffs that they have "leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 111 (3d Cir. 2002). Here, the District Court failed to offer leave to amend or explain why it would not make such an offer. Id. at 108 (stating that "outright refusal to grant the leave without any justifying reason [i.e., inequity or futility] appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." (quoting Foman v. Davis, 371 U.S. 178, 182 (1962))). Because

4

it is possible that Lieberman could both allege he properly exhausted his EEOC claims as required by 42 U.S.C. § 2000e-5 and also set forth plausible claims under 42 U.S.C. § 2000e-2 based on the facts set forth in his pleadings, we will vacate the District Court's judgment and remand for further proceedings. On remand, the District Court should provide Lieberman with an opportunity to file an amended complaint to properly allege exhaustion of his administrative remedies and a claim of discrimination pursuant to Title VII.